45. On information and belief, Defendants charged Plaintiff an excessive mark-up on fixtures and other hardware.

46. Each of these breaches also violated the covenant of good faith and fair dealing.

47. Plaintiff has paid Defendants over $1.9 million for their faulty work.

48. Plaintiff has paid electrical contractors and other contractors approximately $1 million for work performed pursuant to Defendants' design, and under Defendants' supervision.

49. Plaintiff has paid or will pay outside parties hundreds of thousands of dollars to try and bring the lighting system to his original specifications.

50. Plaintiff paid for a Lutron control system that does not work properly and that the manufacturer will not warranty as a result of Defendants' failures.

51. As a result of the defective design and failure properly to supervise the installation, Plaintiff has failed to receive the benefit of the bargain – a properly-designed, fully functional lighting system with full warranty

52. As a result of the defective design and failure properly to supervise the installation, Plaintiff has been forced to expend vast sums in attempts to remedy Defendants' defects and omissions, and to furnish work, labor, services, and materials necessary to complete the installation of the lighting system in accordance with the plan and directives. Such attempts are ongoing, and the lighting system is still not fully operational.

53. As a result of excessive mark-ups Plaintiff has been damaged in an amount to be determined at trial.

54. As a result of the foregoing, Plaintiff has been damaged in an amount to be proven at trial, but in excess of $1,500,000.00, plus interest.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS (Unjust enrichment)

55. Plaintiff repeats and realleges paragraphs 1 through 54 as if set forth fully herein.

56. In the alternative, a quasi-contract existed between the parties, and Defendants have been unjustly enriched by Plaintiff in that Plaintiff has paid for designs that were faulty, has paid for work not performed in a professional manner, has paid for fixtures that did not work, has paid for fixtures that were improperly designed, has paid for damage caused by Defendants' own negligence, has paid excessive markups for fixtures, and has paid for attempts by Defendants to fix their own mistakes.

57. Based on Defendants' representations regarding their professional skill, Plaintiff reasonably expected that the designs would be appropriate, that work would be performed in a professional manner, that fixtures would work, that fixtures would be appropriate, that fixtures would be priced reasonably, that Defendants would not be negligent, and that Plaintiff would not have to pay Defendants to remedy their own mistakes.

58. As a result of Plaintiff's payments to Defendants, Defendants have been unjustly enriched in an amount to be determined at trial, but in excess of $1,000,000.00. In equity and good conscience, Defendants should be required to return such funds, plus interest.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS (Breach of Implied Warranty)

59. Plaintiff repeats and realleges paragraphs 1 through 58 as if set forth fully herein.

60. As detailed above, the lighting system designed and installed by Defendants was materially flawed in numerous respects, including without limitation faulty design of wiring, faulty balance of electrical loads, faulty design of custom fixtures, faulty placement of light

switches, faulty design of lighting to accommodate Mrs. Siegal's vision impairment, and faulty programming of the computer-controlled lighting system.

61. As a result of these design or installation flaws, Plaintiffs did not receive a lighting system that functioned in the promised manner, and indeed did not receive any operative lighting in various parts of the house and grounds. The lighting system is not fit for ordinary purpose for which it is to be used.

62. These defects existed upon installation of the lighting system, and many continue to this day.

63. As a result of the defective design and failure properly to supervise the installation, Plaintiff has been forced to expend vast sums in attempts to remedy Defendants' defects and omissions, and to furnish work, labor, services, and materials necessary to complete the installation of the lighting system in accordance with the plan and directives. Such attempts are ongoing, and the lighting system is still not fully operational.

64. As a result of the foregoing, Plaintiff has been damaged in an amount to be proven at trial, but in excess of $1,500,000.00, plus interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS (Negligent Design)

65. Plaintiff repeats and realleges paragraphs 1 through 64 as if set forth fully herein.

66. At all times Defendants held themselves out as qualified to design the lighting system in Plaintiff's Bahamas house.

67. At all relevant times, Plaintiff relied exclusively upon the Defendants' expertise in designing the installation of the lighting system.

68. Defendants owed Plaintiff a duty to perform their professional duties in a workmanlike manner.

69. By the conduct detailed above, Defendants negligently breached their duties to Plaintiff, in that Defendants' designs were materially flawed in numerous respects, including without limitation faulty design of wiring, faulty balance of electrical loads, faulty design of custom fixtures, faulty placement of light switches, faulty design of lighting to accommodate Mrs. Siegal's vision impairment, and faulty programming of the computer-controlled lighting system.

70. As a result of Defendants' negligence, Plaintiff has been injured in the manner set forth above, in that Plaintiff has failed to receive a properly-designed, fully functional lighting system, and in that Plaintiff has been forced to expend vast sums in attempts to remedy Defendants' defects and omissions, and to furnish work, labor, services, and materials necessary to complete the installation of the lighting system in accordance with the plan and directives. As a result of Defendants' negligence, Plaintiff has been damaged in an amount to be proven at trial, but in excess of $1,500,000.00, plus interest.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS (Negligent Supervision)

71. Plaintiff repeats and realleges paragraphs 1 through 70 as if set forth fully herein.

72. At all times Defendants held themselves out as qualified to supervise and oversee the installation of their lighting system in Plaintiff's Bahamas house.

73. At all relevant times, Plaintiff relied exclusively upon the Defendants' expertise in supervising and overseeing the installation of the lighting system.

74. Defendants owed Plaintiff a duty to perform their professional duties in a workmanlike manner.

75. By the conduct detailed above, Defendants negligently breached their duties to Plaintiff, in that Defendants failed to adequately supervise the installation of the lighting system in Plaintiff's home.

76. As a result of Defendants' negligence, Plaintiff has been injured in the manner set forth above, in that Plaintiff has failed to receive a properly-designed, fully functional lighting system, and in that Plaintiff has been forced to expend vast sums in attempts to remedy Defendants' defects and omissions, and to furnish work, labor, services, and materials necessary to complete the installation of the lighting system in accordance with the plan and directives.

77. As a result of Defendants' negligence, Plaintiff has been damaged in an amount to be proven at trial, but in excess of $1,500,000.00, plus interest.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS (Declaratory Judgment)

78. Plaintiff repeats and realleges paragraphs 1 through 77 as if set forth fully herein.

79. On or about May 11, 2007, Plaintiff received a letter from a law firm representing Defendants. The letter demanded a payment of $251,833.91, representing "design and consultation fees" of $111,470, "reimburseables" of $90,373.73, fixture costs of $43,532.59, and tax of $6,457.60.

80. Because the vast majority of these fees represent work done in an attempt to remedy Defendants' own failures, Plaintiff has declined to further enrich Mr. White.

81. As a result of Defendants' demand for payment, and Mr. Siegal's refusal, a bona fide controversy exists between the parties.

82. The allegations detailed above, if proven, will entitle Mr. Siegal to a declaratory judgment that Defendants are not entitled to further payment from Mr. Siegal.

83. Mr. Siegal therefore requests entry of a declaratory judgment that he does not owe Defendants any further funds for work performed by Defendants or their agents on the Bahamas house.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all causes of action.

WHEREFORE, Plaintiff respectfully demands judgment, on trial by jury, as follows:

1. Against Defendant, on the First through Fifth Causes of Action, for compensatory and consequential damages, including efforts at remediation, according to proof and sufficient to provide him the benefit of his bargain, but in excess of $1,500,000.00.

2. Against Defendant, on the Sixth Cause of Action, for a judgment declaring that Plaintiff does not owe Defendants any further funds for work performed by Defendants or their agents on the Bahamas house.

3. For costs of the suit herein.

4. For pre-judgment interest at the legal rate.

5. For such other and further relief as the Court may deem just and proper.

Dated: May 23, 2007
New York, New York

NIEHAUS LLP

*[signature]*

Paul R. Niehaus
NIEHAUS LLP
230 Park Avenue, 10th Floor
New York, New York 10169
Tel. (212) 551-1445
Fax (212) 624-0223

*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK )
                  ) ss.
COUNTY OF NEW YORK )

I, Mr. Richard Siegal, being duly sworn, state:

I am the named Plaintiff to this action. The foregoing complaint is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
Richard Siegal

Sworn to me this 15th day of May, 2007

_____
Notary Public

MARIA J. SCIBELLI
Notary Public, State of New York
No. 41-4625050
Qualified in Queens County
Commission Expires March 30, 2010