```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
RICHARD SIEGAL,                         :
                                        :
                    Plaintiff,          :   07 CV. 5991 (JSR)
                                        :
        -against-                       :
                                        :
WHITE LIGHTING DESIGN, INC. and KEVIN D.:
WHITE,                                  :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER THIS ACTION**

Eric Wertheim, Esq. (EW-3047)
Val Mandel, P.C.
80 Wall Street, Suite 1115
New York, NY 10005
*Attorneys for Defendants*

**TABLE OF CONTENTS**

Page

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I. Plaintiff has failed to Make a Prima Facie Showing of Personal Jurisdiction. . . . . . . . . . . . . . . . . . . 1

        A.  Phone Calls and Correspondence with New York do not Amount to Transacting Business. . . . . . . . . . 1

        B.  Payments From New York are Irrelevant. . . . . . . . 3

        C.  Plaintiff has Failed to make a *Prima Facie* Showing of a Substantial Nexus Between Defendants' New York Activity and any of his Claims . . . . . . . 4

    II. This Action Should be Transferred to the District of Colorado . . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**TABLE OF AUTHORITIES**

Cases

Palace Exploration Co v. Petroleum Dev. Co., 41 F.2d 427, 433
(S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . 1

Penn Group, LLC, V. Slater, 2007 U.S. Dist. LEXIS 50651
(S.D.N.Y. June 14, 2007) . . . . . . . . . . . . . . . . . . 2

Barrett v. Tema Dev., Inc., 463 F. Supp. 2d 423, 431 (S.D.N.Y.
1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Catauro v. Goldome Bank For Savings, 592 N.Y.S.2d 422 (2nd Dep't
1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rung v. United States Fidelity and Guaranty Company, 527
N.Y.S.2d 903 (4th Dep't 1988) . . . . . . . . . . . . . . . 2

Camel Investments Ltd. V. Transocrean Capital (Bermuda) Ltd.,
600 N.Y.S.2d 471 (2d Dep't 1993) . . . . . . . . . . . . . . 3

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) . . . . . 3

Statutes

C.P.L.R. § 302 . . . . . . . . . . . . . . . . . . . . . . . 4

C.P.L.R. § 302 (a)(1) . . . . . . . . . . . . . . . . . . . . 1

C.P.L.R. § 302(a)(3) . . . . . . . . . . . . . . . . . . . . 3

C.P.L.R. § 302 (a)(3)(i) . . . . . . . . . . . . . . . . . . 3

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER THIS ACTION**

Defendants respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the Complaint for Lack of Personal Jurisdiction or, in the Alternative, to Transfer this Action to the District of Colorado.

I. **Plaintiff has failed to Make a Prima Facie Showing of Personal Jurisdiction**

   A. **Phone Calls and Correspondence with New York do not Amount to Transacting Business**

Plaintiff repeatedly argues that defendant's continuous pattern of written and oral communications with plaintiff in New York satisfies the "transacts business" prong of CPLR 302(a)(1). In so arguing, plaintiff fails to heed the well established case law that "that, generally, telephone and mail contacts do not constitute "transacting business" under the statute." Palace Exploration Co. v. Petroleum Dev. Co., 41 F. Supp. 2d 427, 433 (S.D.N.Y. 1998).

As explained by Magistrate Dolinger less than two months ago:

> communications -- whether by mail or telephone or otherwise -- from a defendant to a party in New York are ordinarily insufficient by themselves to trigger jurisdiction under section 302(a)(1). . . As the Second Circuit stated some years ago: "New York courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983); see *Fiedler v. First City Nat'l Bank*, 807 F.2d 315, 317-18 (2d Cir. 1986); *Maranga*, 386 F. Supp. 2d at 306 (citing cases). Indeed, even substantial negotiations conducted by mail, telephone, or electronic communications often do not confer jurisdiction. *See, e.g., Whitaker v. Fresno Telsat, Inc.*, 87 F. Supp. 2d 227, 230-31 (S.D.N.Y. 1999) . . . .

*Penn Group, LLC, V. Slater*, 2007 U.S. Dist. LEXIS 50651 (S.D.N.Y. June 14, 2007).

To amount to the transaction of business in New York, the communications must be "'related to some transaction that had its **center of gravity** inside New York, into which a defendant projected himself'" *Barrett v. Tema Dev., Inc.*, 463 F. Supp. 2d 423, 431 (S.D.N.Y. 2006) (emphasis in original, quoting *Maranga v. Vira*, 386 F. Supp. 2d 299, 306 (S.D.N.Y. 1993)).

Each case relied on by plaintiff involved a defendant who purposely projected themselves into New York transactions or events. *Catauro v. Goldome Bank For Savings*, 592 N.Y.S.2d 422 (2nd Dep't 1993) (out of state defendant orchestrated the fraudulent transfer of a New York bank account, out of which all claims arose); *Rung v. United States Fidelity and Guaranty Company*, 527 N.Y.S.2d 903 (4th Dep't 1988)(among other things,

2

out of state insurer mailed policy into New York, which policy allegedly provided coverage for catastrophic car accident in New York). <u>Camel Investments Ltd. V. Transocrean Capital (Bermuda) Ltd.</u>, 600 N.Y.S.2d 471 (2d Dep't 1993) is simply unhelpful because the decision does not explain the nature of the defendant's New York directed activities or the connection between those activities and the plaintiff's claims.

The telephone, facsimile and mail contacts that plaintiff emphasizes are entitled to even less weight here because they are the result of plaintiff's unilateral actions. Plaintiff retained defendants at his Colorado home but he directed them to send the bills to his New York company, Bi State Oil Management Co, because he wanted that company to pay for the work. White Reply Declaration ¶ 3. A defendant cannot be haled into a jurisdiction solely as a result of the "unilateral activity of another party or third person." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985) (emphasis added).

### B. Payments From New York are Irrelevant

Plaintiff's attempt to analogize to the "substantial revenue" prong of CPLR 302(a)(3)(i) is plainly frivolous for two reasons. As a matter of basic statutory construction, the analogy is illogical. The legislature chose to make "substantial revenue" a factor in 302(a)(3) and chose to omit it

3

from 302(a)(1). Plaintiff's analogy is really a baseless attempt to rewrite the statute, as evidenced by the complete absence of support for the analogy from the otherwise voluminous published case law on CPLR 302.

Moreover, it is not enough under 302(a)(3) to show substantial revenue received from New York. The plaintiff must show that the revenue derived from goods used or consumed *in* New York, which is not the case here.

### C. Plaintiff has Failed to make a *Prima Facie* Showing of a Substantial Nexus Between Defendants' New York Activity and any of his Claims

Even if defendants can be said to have transacted business in New York, plaintiff was obligated to establish a "substantial nexus" between such transaction(s) and each cause of action in the Complaint. Plaintiff has not even attempted to meet this burden.

Mrs. Siegal mentions half dozen meetings in New York, of which her only specific recollection is selecting some light fixtures and lamps. Mrs. Siegal at least implicitly concedes that this handful of face to face New York meetings was a small exception to the parties' four year pattern of dealing by telephone, correspondence and email. These meetings were not only an "infinitesimal" part of the thousands of hours of work performed by defendants, White Reply Declaration ¶¶ 4-5, but there is no

4

suggestions whatsoever in the Complaint or Mrs. Siegal's Affidavit that any one of the causes of action "arises out of" those few meetings.

**II. This Action Should be Transferred to Colorado**

Kevin White, a defendant in his own right and the president of defendant WLD, has declared on personal knowledge that the overwhelming amount of work performed by him and WLD's staff took place in Colorado. Plaintiff's characterization of this testimony as "conclusory" is mystifying. The essence of the Complaint is a broad attack on the design and (alleged) supervisory work of WLD. Mr. White and his staff are the people who spent thousands of hours performing the work.

Nonetheless, Mr. White has provided further detail in his Reply Declaration, identifying his employees by name and indicating the number of hours performed on the project by each employee. White Reply Declaration ¶¶ 5-6. Of course, the invoices submitted by plaintiffs are consistent with Mr. White's testimony and to the record supporting transfer to Colorado.[1]

The burden of litigating in New York is obvious. The depositions of WLD and Mr. White may proceed in Colorado, as

---

[1] It is not clear what additional documents plaintiff believes defendants are obligated to submit to the Court. We respectfully assume the Court would not be pleased by the submission, as an exhibit, of WLD's thousand plus page file on this project, especially where plaintiff has offered no basis to doubt the existence of such a file.

5

plaintiff suggests, but defendants will have to pay for the travel, hotel and meal expenses of counsel. Given the number of witnesses and the length of this project, the full slate of depositions could take weeks to complete. Conversely, WLD will have to transport its staff to New York and put them up here for weeks, if not months, during trial.[2]

It plaintiff's evidence that is conclusory, as well as vague and evasive. Mrs. Siegal[3] cites a slew of potential witnesses but does not explain why they are likely to be witnesses. For example, she mentions two people who participated in telephone conversations with Mr. White. These people would testify about Mrs. Siegal's "design choices" and her "input into the process." Why this would be a subject of dispute or controversy, or would require witnesses other than Mrs. Siegal herself, is never explained. There is no suggestion in Mrs. Siegal's Affidavit of a "he said she said" dispute over what was communicated in those telephone conversations or in any other conversation for that matter.

---

[2] Plaintiff's emphasis on the Bahamas as a center of gravity does not change or minimize the burden.
[3] It is worth noting that Mr. Siegal, the lone plaintiff, declined to submit his own affidavit in opposition to the instant motion.

## CONCLUSION

For the reasons set forth above, this action should be dismissed for lack of personal jurisdiction or, in the alternative, transferred to the District of Colorado.

Dated:  New York, New York
        August 6, 2007

>                    VAL MANDEL, P.C.
>                    80 Wall Street, Suite 1115
>                    New York, NY 10005
>                    *Attorneys for Defendants*
>
>            By:  _____
>                    Eric Wertheim (EW-3047)