```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
RICHARD SIEGAL,                         :
                                        :
              Plaintiff,                :     07 Civ. 5991 (JSR)
                                        :
         -v-                            :     MEMORANDUM ORDER
                                        :
WHITE LIGHTING DESIGN, INC. and KEVIN   :
D. WHITE                                :
                                        :
              Defendants.               :
---------------------------------------x
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 8-22-07

JED S. RAKOFF, U.S.D.J.

    Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404. Both motions are hereby denied.

    By way of background, this action relates to lighting design and installation services that defendant White Lighting Design, Inc. ("WLD") agreed to provide for the Bahamas home of plaintiff Richard Siegal. WLD is a Colorado corporation with a principal place of business in Colorado. See Complaint ¶ 4. Defendant Kevin White is WLD's president and sole shareholder. See Declaration of Kevin White dated July 5, 2007 ("White Decl.") ¶ 1. Prior to the events giving rise to this action, defendants performed lighting services for plaintiff's New York and Colorado homes. The parties were at plaintiff's Vail, Colorado home in 2003 when plaintiff and his wife first approached defendants about providing lighting services for the home the Seigals were building in the Bahamas. See Complaint ¶ 5. Plaintiff alleges that defendants have not completed the project to plaintiff's satisfaction. Plaintiff claims breach of contract, unjust enrichment, breach of implied warranty, negligent design, and

negligent supervision; in addition, plaintiff seeks a declaratory judgment that he owes no further funds to defendants for work performed by defendants on plaintiff's Bahamas home.

In the instant case, because this Court sits in diversity jurisdiction, it determines personal jurisdiction by applying New York law. See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). Defendants claim that the Court cannot exercise jurisdiction over them pursuant to § 302(a)(1) of New York's long-arm statute, the only source of personal jurisdiction genuinely alleged, because this action does not arise from any business transacted by defendants within the state of New York. See N.Y. C.P.L.R. § 302(a)(1); see also CutCo Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986)("The long-arm statute gives New York personal jurisdiction over a nondomiciliary if two conditions are met: first, the nondomiciliary must 'transact business' within the state; second, the claim against the nondomiciliary must arise out of that business activity.").

However, the suggestion that defendants did not transact relevant business in New York in connection with the claims here made is belied by, among other things, the six or more trips defendants made to New York to meet with Mrs. Siegal and plan the Bahamas project. See Affidavit of Gail Seigal sworn to July 27, 2007 ("Siegal Aff.") ¶ 2; White Decl. ¶ 7. Although defendants attempt to characterize these meetings as ancillary to the overall project, the evidence suggests that the New York meetings gave rise to

significant decisions concerning the general design of the lighting system as well as the specific lighting plans for various rooms. See Siegal Aff. ¶ 3. Thus, for example, Mrs. Siegal states -- and defendants do not specifically dispute -- that at the New York meetings Mrs. Siegal explained her specific lighting requirements, and defendants presented sketches, plans and photos and reported on the progress of the project. Id. ¶ 4; Reply Declaration of Kevin White dated August 3, 2007 ¶¶ 2, 4. Clearly, the project, which was never formally reduced to writing, continued to be planned, refined, extended, and implemented during these meetings in New York. When, moreover, these trips are considered in combination with defendants' consistent communication with plaintiff and his wife in New York by phone, fax, and mail service, the transaction of relevant business within New York State is plain and substantial. See SAS Group, Inc. v. Worldwide Inventions, Inc., 245 F.Supp.2d 543, 548 (S.D.N.Y. 2003) (a court must consider the "totality of circumstances" in evaluating purposeful activity in order to determine whether a nondomiciliary transacts business in New York).

Further, each of plaintiff's six causes of action "aris[es] from" defendants' transaction of business in New York. N.Y. C.P.L.R. § 302(a). Plaintiff's contract and quasi-contract claims centrally depend on the project agreement, which the parties continued to refine and expand during defendants' visits to New York. Plaintiff's negligence-based claims all fundamentally derive from representations that defendant made concerning defendants' ability to undertake, and

3

the suitability of, the design choices the parties made together; insofar as the defendants presented design choices in New York and the parties reached design decisions in New York, any such representations would have occurred, implicitly or explicitly, in New York as well. More generally, the business that defendants transacted in New York was the planning of the overall lighting project for the Bahamas home, and each of plaintiff's claims directly relates to that project. Accordingly, the Court can properly assert personal jurisdiction over all of plaintiff's claims.

For the foregoing reasons, plaintiff's motion to dismiss for lack of personal jurisdiction is denied. As for plaintiff's motion to transfer, that motion is denied for the reasons stated from the bench, see, transcript, 8/17/07.

SO ORDERED

Dated: New York, NY
       August 21, 2007

_____
JED S. RAKOFF U.S.D.J.

the suitability of, the design choices the parties made together; insofar as the defendants presented design choices in New York and the parties reached design decisions in New York, any such representations would have occurred, implicitly or explicitly, in New York as well. More generally, the business that defendants transacted in New York was the planning of the overall lighting project for the Bahamas home, and each of plaintiff's claims directly relates to that project. Accordingly, the Court can properly assert personal jurisdiction over all of plaintiff's claims.

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is denied. As for defendant's motion to transfer, that motion is denied for the reasons stated from the bench, see, transcript, 8/17/07.

SO ORDERED

Dated: New York, NY
       August 21, 2007

_____
JED S. RAKOFF, U.S.D.J.